IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUCKENBACH TEXAS, INC. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-00871-RP |
| | § | |
| STEWART SKLOSS, STEMMA | § | |
| HOLDINGS, L.P., LUCKENBACH | § | |
| ROAD WHISKEY DISTILLERY, LLC, | § | |
| LUCKENBACH WHISKEY, LLC, | § | |
| LRW VENTURES, LLC, FRONTIER | § | |
| SPIRITS, LLC, FRONTIER SPIRITS, | § | |
| LLC, AND PURA VIDA SPIRITS | § | |
| COMPANY, LLC | § | |

**PLAINTIFF LUCKENBACH'S FIRST AMENDED COMPLAINT
AND APPLICATION FOR INJUNCTIVE RELIEF**

Plaintiff Luckenbach Texas, Inc. ("Luckenbach") files this First Amended Complaint and Application for Injunctive Relief against Defendants Stewart Skloss, Stemma Holdings, L.P., Luckenbach Road Whiskey Distillery, LLC, Luckenbach Whiskey, LLC, LRW Ventures, LLC, Frontier Spirits, LLC, and Pura Vida Spirits Company, LLC.

## I. INTRODUCTION

1.    Despite repeated warnings, Defendants are misusing and profiting from the real Luckenbach's name and trademarks by marketing their competing business as "Luckenbach Road Whiskey" and "Luckenbach Whiskey" in advertisements, their own website, and to the media. When Luckenbach declined Defendant Skloss's proposals to joint venture in the whiskey business, Skloss decided to take the Luckenbach®[1] brand—to steal what he could not buy.

2.    The famous Luckenbach trademark is registered, is incontestable, and is a highly regarded lifestyle brand that Plaintiff and its predecessors have cultivated for almost 50 years. The real

---

[1] The registered mark Luckenbach® is referred to simply as "Luckenbach" throughout this pleading.

Luckenbach respectfully requests that this Court enjoin Defendants before they irreversibly damage its mark by confusing customers who are likely to mistakenly believe the Defendants' spirits, distillery, and entertainment venue are affiliated with the real Luckenbach.

3.      Luckenbach brings this suit to protect the valuable trademark rights it owns as the holder of several U.S. Trademark Registrations for the Luckenbach family of marks (*see* Exhibit A) as well as common-law rights in the marks earned through longstanding use and promotion of its products and services in commerce.

## II. PARTIES

4.      Plaintiff Luckenbach Texas, Inc. is a Texas corporation.

5.      Defendant Stewart Skloss is an individual living in Gillespie County, and he has appeared in this suit. Skloss is the registered agent, principal, and founder of all of the entity Defendants, entities that he has formed to prepare and launch Defendants' unlawful whiskey and entertainment-venue enterprise.

6.      Defendant Stemma Holdings, L.P. ("Stemma") is a Texas limited partnership doing business in Gillespie County, Texas with registered agent Stewart Skloss, and it has appeared in this suit. Skloss is managing member and director of Stemma's sole general partner, an LLC. Stemma applied for and is using trademarks that contain Plaintiff's trademarked name, having been formed as a holding company for entities and assets of the Defendants' whiskey and entertainment-venue enterprise.

7.      Defendant LRW Ventures, LLC ("LRW Ventures") is a Texas limited liability company doing business in Gillespie County, Texas with sole manager and registered agent Stewart Skloss, and it has appeared in this suit. LRW Ventures has used Plaintiff's trademarked name in its entity name itself and in its assumed name "Luckenbach Road Whiskey" and, upon information and

belief, LRW Ventures is or was parent company to and managing member of LWLLC, and is the predecessor to Defendant Frontier Spirits, LLC. Defendants have described LRW Ventures as the entity that purchased the land for, and has been planning and executing the process of opening, the unlawful whiskey and entertainment enterprise.

8.     Defendant Frontier Spirits, LLC ("Frontier") is a Texas limited liability company doing business in Gillespie County, Texas with registered agent and manager Stewart Skloss, and it has appeared in this suit. Frontier is the successor to LRW Ventures and is the current parent company of Defendants Pura Vida, LWLLC, and Skloss's Distillery. Frontier is also the current managing member of LWLLC. Frontier is using the trademarked name *Luckenbach* in its subsidiary companies, in its distillery operations, and in its assumed name, "Luckenbach Road Whiskey."

9.     Defendant Luckenbach Whiskey, LLC ("LWLLC") is a Texas limited liability company doing business in Gillespie County, Texas. LWLLC's registered agent and sole manager is Stewart Skloss, and it has appeared in this suit. LWLLC is using Plaintiff's trademarked name in its entity name itself and is a subsidiary of Frontier, formerly known as LRW Ventures and doing business as Luckenbach Road Whiskey.

10.     Defendant Luckenbach Road Whiskey Distillery, LLC ("Skloss's Distillery") is a Texas limited liability company doing business in Gillespie County, Texas with registered agent and manager Stewart Skloss, and it has appeared in this suit. Skloss's Distillery is one of the Defendant entities that filed trademark applications for names that use Plaintiff's mark, and it is planning to use and already is using those marks, including in its entity name and distillery–entertainment venue itself.

11.     Defendant Pura Vida Spirits Company, LLC ("Pura Vida") is a Texas limited liability company doing business in Gillespie County, Texas with registered agent Stewart Skloss, and it

has appeared in this suit. Defendant Skloss is the manager and chief executive of Pura Vida Spirits, the entity that registered some or all of the infringing domain names described below. Upon information and belief, Pura Vida will also serve as, or will assist, the wholesaler for Defendants' unlawful whiskey product.

### III.    JURISDICTION AND VENUE

12.    Venue is proper in this District because Defendants' principal place of business is in Gillespie County, and the misconduct took place and is taking place primarily in Gillespie County. The Court has jurisdiction over this dispute and jurisdiction to grant all relief Plaintiff Luckenbach requests. The amount in controversy is within the jurisdictional limits of the Court.

### VI.    FACTUAL BACKGROUND

13.    Defendants are misappropriating the real Luckenbach's name and marks, launching a distillery and entertainment venue trading on Luckenbach's nearly five decades of effort and expense to develop its highly regarded marks and sterling reputation. Defendants' actions are an unauthorized and brazen attempt to unlawfully capitalize on the real Luckenbach's goodwill.

### A.  Luckenbach's History and Fame

14.    The real Luckenbach—Plaintiff's business—is a venue privately owned by Plaintiff that holds a rich and colorful commercial history.

15.    Luckenbach began as a private property on which a family opened a small country store. *See* Exhibit B. The name Luckenbach was adopted in the mid-1800s, when the family applied for a postal license. They chose the name Luckenbach Post Office in honor of Carl Albert Luckenbach, the fiancé of the storeowner's sister. The Luckenbach Post Office was discontinued in the 1970s. *See* Exhibit C.

16.     In 1970, the family put up the "town" of Luckenbach for sale in a nearby local paper with the ad: "TOWN FOR SALE," advertising its "population" of three people. *See* Exhibit D. References to the "town" of Luckenbach were meant as an attempt at humor. (Of course, actual towns cannot be bought or sold.). The entirety of Luckenbach was then, and still is, on private property located in an unincorporated area of Fredericksburg, Texas, about 12 miles southeast of Fredericksburg's town square.

17.     In that same year, the property was sold to Hondo Crouch, a Texas folklorist and humorist, and to other of Plaintiff's predecessors. *See id.* From that time on, the "town" of Luckenbach continued as a private entertainment venue:

> Hondo imagined it was an old west fairy-tale-like principality and gave everybody titles. He formed a make-believe town and proclaimed himself Mayor. He made Marge the Sheriff and appointed ambassadors to foreign countries. The trio began to use the nearly-abandoned buildings as a backdrop for anything that smacked of mirth and diversion: "Hug-Ins", a Luckenbach World's Fair, Ladies State Chili Bust, the Mud Dauber Festival—and daily sessions of song-picking, domino playing and beer drinking beneath the 500-year-old oak trees. Today, over thirty years later, these events are still celebrated, and the pickers are still pickin' out under the big oak trees.

*Id.* Over the years since then, due to Luckenbach's substantial and continuous promotional efforts, the term Luckenbach has grown in prominence and is now well-known as a beloved brand associated with Plaintiff's private entertainment venue and related products and services.

18.     In 1978, Plaintiff filed for registration of Luckenbach® as a service mark. Exhibit A. The USPTO registered the mark for entertainment services in 1982. *Id.* In later years, Plaintiff registered the motto "Everybody's Somebody in Luckenbach" and, 16 years ago, its signature trademark Luckenbach® logos. *Id.*

19.     Over the years, Plaintiff has invested in its marks and trade name to cultivate its famous brand. In 1973, Luckenbach hosted Jerry Jeff Walker, who recorded "Viva Terlingua," an event

that helped usher in the era of Outlaw Country Music. "Viva Terlingua" and Waylon Jennings's song "Luckenbach Texas," released a few years later, helped to make Luckenbach famous nationwide. Then in 1995, Luckenbach hosted Willie Nelson for his renowned Fourth of July Picnic, drawing news media from all over the world. The picnic was so successful that Nelson continued to hold annual picnics at Luckenbach for five years. In 2009, Luckenbach entered the Guinness Book of World Records for having the largest number of guitar pickers at one spot. Of course, they played "Luckenbach Texas." Luckenbach is currently sponsoring a three-year exhibit at the Country Music Hall of Fame in Nashville, Tennessee honoring "Outlaw Country Music." And for more than 25 years, Plaintiff has published a monthly newsletter promoting the Luckenbach culture, services, and products and announcing its events.

20.     These efforts paid off, and Luckenbach's private property has become a tourist destination, consisting of a venue for hosting live concerts, special events, and other entertainment; a retail store; a dance hall; a working saloon selling beer and wine; a restaurant; and a collection of related products and services. Luckenbach's entertainment venue draws guests who arrive to listen to country music and share a drink with friends. The venue has also hosted countless festivals, family reunions, anniversaries, weddings, and even a beauty contest. Last year, Luckenbach, competing with venues all over America, was nominated for best music venue by the Ameripolitan Music Awards in Memphis, Tennessee—and it won.

**B. Luckenbach's Use of its Marks and Trade Name**

21.     Luckenbach and its predecessors have been using the Luckenbach mark and trade name in connection with its entertainment services in Texas and interstate commerce since 1971. *See* Exhibit A. Plaintiff and its predecessors have also been using the other Luckenbach marks on or

in connection with its entertainment services and related merchandise in Texas and interstate commerce since 1971 or, in the case of the oval logo, 1973. *Id.*

22.     As a result of Plaintiff's use and promotion, the Luckenbach marks and trade name have achieved widespread and favorable recognition in Texas and throughout the United States as a brand indicative of a simpler, laid-back lifestyle, harkening back to a nostalgic country atmosphere. Plaintiff's website describes the significance of Luckenbach as "A Texas state of mind, where you can kick back, relax and get away from the hustle and bustle of everyday life— like a step back in time." Exhibit D.

23.     Plaintiff has carefully developed its brand and reputation to make its venue a globally renowned tourism destination and country-music mecca. The term Luckenbach has grown in prominence and is well-known and highly regarded not only in Texas but throughout the United States as a beloved brand associated with Plaintiff's private venue. Guests can pay to lodge overnight at Luckenbach in their own RVs, and Plaintiff is in the process of remodeling a historic home on its property for a bed and breakfast to host visitors. Plaintiff also sells products including signage, clothing, kitchen goods, artwork and posters, household wares, koozies, stickers, customized western goods, and signature condiments, all bearing one of its registered marks, both in its physical store and online.

24.     In 2018, leveraging its lifestyle brand, Plaintiff formed a subsidiary, granted it a license and opened another business known as "Luckenbach on Main" at 251 East Main Street in Fredericksburg, Texas. Exhibit E. The "Luckenbach on Main" business, which is approximately 10 miles away from Plaintiff's entertainment venue known as Luckenbach, currently serves beer and wine to its patrons and also offers retail sales of various Luckenbach branded products under license from Plaintiff. *Id*.

25.    And more recently, Plaintiff licensed a whiskey product under the Luckenbach mark.[2] Exhibit F (showing Plaintiff's whiskey bottle). Plaintiff's trademark application for the mark as used for whiskey is on appeal in the U.S. Patent and Trademark Office (PTO). The Luckenbach mark is inherently distinctive. And the PTO already found that the use of the mark for Plaintiff's whiskey product would automatically acquire the distinctiveness from Plaintiff's use of the mark for its previously existing products and services when Plaintiff began using the mark on whiskey, which it now has.

26.    Plaintiff expects to receive a registration for the Luckenbach mark in connection with whiskey, either on the basis of inherent distinctiveness or acquired distinctiveness. The registration will be effective as of its filing date, February 16, 2018—well before Defendants began using the infringing mark. *See* 15 U.S.C. § 1057(c) (stating that the filing of an application, once registered, constitutes "constructive use of the mark, conferring a right of priority, nationwide in effect, on or in connection with the goods or services specified in the registration," absent other circumstances not applicable here).

### C.  Defendant's Misconduct

27.    In 2016, and again in 2018, knowing that Luckenbach was pursuing the whiskey business, Defendant Skloss met with representatives from the real Luckenbach, seeking a joint venture. When Luckenbach chose not to partner with Skloss, he decided to take the Luckenbach brand—to steal what he could not buy. He formed the remaining Defendant–entities, crafting a complex

---

[2] Under their license agreement, licensee Balcones Distilling LLC ("Balcones") must ensure that the licensed products are of good quality, and Balcones retains sole control and discretion as to the sale and operational matters related to its alcoholic beverage business and sales. Luckenbach cannot directly or indirectly control that business nor the manner of sale of those products, including price, recipe, product approval, sales, quality, or manufacturing. Balcones has sole discretion and complete control to sell those products in the manner it sees fit, including control over the amounts and to whom those products are sold. Their agreement provides that Balcones will provide no royalty, fees, or other payments to Luckenbach in exchange for the license and instead pays all such payments to a charitable third party with no connections to Luckenbach or its principals. Luckenbach owns no equity shares of Balcones and Luckenbach's establishments are not permitted to sell whiskey or other spirits.

corporate structure and using each entity to jointly launch his new, infringing whiskey and entertainment enterprise.

28.     Recognizing the goodwill and value of the Luckenbach name and marks, Defendants are actively misappropriating Plaintiff's famous brand and infringing on Plaintiff's marks by using "Luckenbach" in connection with Defendants' whiskey, distillery, and entertainment venue. ***Fake Luckenbach is under construction just four miles from Plaintiff's entertainment venue*** and does not meet Plaintiff's high standards for quality and reputation. *See* Exhibit G (showing Skloss's whiskey bottle).

29.     From July 28, 2016 through August 2, 2021 Defendants registered the following domain names (collectively, the "Unauthorized Domain Names"):

- luckenbachwhiskey.com (July 28, 2016), registered by Pura Vida
- luckenbachroadwhiskey.com (July 10, 2017)
- luckenbachroadwhiskeydistillery.com (October 17, 2018), registered by Pura Vida
- luckenbachroaddistillery.com (August 2, 2021)

Defendants Skloss, Stemma, Skloss's Distillery, LWLLC, LRW Ventures, Frontier, and Pura Vida jointly put those Unauthorized Domain Names to use, launching infringing websites advertising the Defendants' distillery, entertainment venue, and whiskey under the Luckenbach Road Whiskey and Luckenbach Road Whiskey Distillery marks (collectively, the "Unauthorized Websites").

30.     Defendants persist in their misconduct—marketing their spirits and distillery as Luckenbach Road Whiskey at luckenbachroadwhiskey.com—despite the ***trademark examiner suspending the Luckenbach Road Whiskey and the Luckenbach Road Whiskey Distillery applications based on Plaintiff's prior-filed whiskey application***. The 21 Luckenbach Road applications remain suspended on that basis as well. As whiskey branded with the key word Luckenbach begins to turn up on store shelves, customers will immediately and mistakenly believe

that Defendants' whiskey came from the same source as the real Luckenbach's products and services or that it was sponsored by or affiliated with the same source. Defendants' consumer deception is infringing and diluting Luckenbach's trademarks and violating the Texas trademark statute, the Lanham Act, and common law.

31.     Likewise, Defendants persist in their misconduct—marketing a hospitality and entertainment venue, complete with a recording studio—despite the PTO's rejection of Skloss's and Stemma Holdings' 21 Luckenbach Road trademark application when they included "entertainment services in the nature of recording, production and post-production services in the field of music" and "live music concerts." Those offerings are ***identical to the real Luckenbach's existing entertainment venue services, which are protected by an incontestable mark—and have been located just down the road for decades***. For example, Defendant Skloss's recent feature in Texas Monthly falls squarely within the rejected application:

> In 2022, Gibbons and Skloss will conquer another corner of the bar with Luckenbach Road Whiskey, a spirit born from the pair's new Hill Country distillery. The property also will contain a barbecue restaurant, luxury hotel, and Gibbons's ***state-of-the-art recording studio, where guest musicians can book a session***. ZZ Top superfans, get your livers ready.

Exhibit H.

32.     Skloss and his Defendant entities have long known of Plaintiff's intent to pursue the whiskey business under the famous Luckenbach mark and trade name, so their campaign to profit from Luckenbach's mark and name—and to divert consumers from the real Luckenbach venue to their manufactured "Hollywood set" version, from Plaintiff's Luckenbach whiskey to theirs, and from the real Luckenbach website to the Unauthorized Websites—is intentional, bad faith misconduct. Defendants are intentionally and actively harming Luckenbach's goodwill and tarnishing/disparaging its mark and name. They are attempting to trade on Luckenbach's name,

goodwill, and marks by making customers believe, incorrectly, that Defendants' distillery and entertainment venue is the same business as the real Luckenbach or is somehow affiliated with or sponsored by the real Luckenbach.

33.    Luckenbach respectfully requests injunctive relief, money damages and attorneys' fees.

## VII.    CAUSES OF ACTION

### A.  Dilution

34.    Defendants' misappropriation of Luckenbach's famous and distinctive name and marks is causing and is likely to cause dilution by blurring and/or by tarnishment in violation of TEX. BUS. COMM. CODE § 16.103. Defendants' acts, which occurred after October 6, 2006, and after Luckenbach's marks became famous in Texas and the United States, are causing an association arising from the similarity between Defendants' mark or trade name and Plaintiff's famous marks that impairs the distinctiveness of Luckenbach's famous marks.

35.    Defendants' acts are also causing an association arising from the similarity between the Defendants' mark or trade name and Plaintiff Luckenbach's famous marks that harms the reputation of Luckenbach's famous marks. Defendants willfully intend to cause the dilution of Plaintiff Luckenbach's famous marks, willfully intend to trade on the recognition of Luckenbach's famous marks, and willfully intend to harm the reputation of Luckenbach's famous marks.

36.    For decades, Luckenbach's mark has been recognized across the state and nation. Luckenbach is widely recognized by the general public throughout the United States, in Texas, and in the Texas hill country as a designation of source of Plaintiff's goods and services. Luckenbach and its marks have received widespread publicity that reaches counties and cities throughout the country and throughout Texas. Luckenbach appears in travel magazines and internet sites with nationwide and statewide readership and it attracts visitors from across the state,

the nation, and even worldwide. Luckenbach advertises its mark and commercial offerings nationwide and statewide and sells its products extensively, through its online store and in person, to Texas residents and out-of-state customers. The general public of Texas and beyond regularly engages with Luckenbach's mark through visits to Luckenbach's entertainment venue and through visits to its website. *Luckenbach* is a household name.

37.     Defendants' acts are causing Luckenbach irreparable damage because the rights in the marks are unique and valuable property rights, with a market value that is incalculable and that, once damaged in the marketplace by Defendants' wrongful use, is impossible to fully repair.

38.     Defendant Skloss is the key individual launching the infringing business causing this misappropriation and dilution, and he has established a corporate structure including Stemma, Skloss's Distillery, LWLLC, LRW Ventures, Frontier, and Pura Vida to execute the whiskey enterprise using the Luckenbach mark. Upon information and belief, all Defendants are working closely together and are involved in and assisting in unlawfully misappropriating and diluting Plaintiff's mark.

39.     All Defendants should be enjoined from further acts of dilution, ordered to deliver up for destruction all articles that are in violation of Plaintiff Luckenbach's rights, and held liable for disgorgement of their profits, Luckenbach's damages, the costs of this action, attorneys' fees and exemplary damages.

**B. Registered Trademark Infringement**

40.     Defendants have willfully infringed Luckenbach's registered trademarks contained in Exhibit A in violation of 15 U.S.C. § 1114.

41.     Plaintiff's use and promotion of the Luckenbach marks and name on or in connection with its products and services has been widespread throughout Texas and the United States, and the

marks are inherently distinctive or have acquired secondary meaning as valuable trademarks. As a result, Plaintiff has acquired substantial common law rights and goodwill in the Luckenbach marks and trade name. Additionally, as noted above, Plaintiff has obtained ***federal registrations for the Luckenbach marks, which have become incontestable***. *See* 15 U.S.C. § 1065. Those registrations constitute not only prima facie evidence but conclusive evidence of the validity of the marks, Plaintiff's ownership of the marks, and Plaintiff's exclusive right to use the marks on or in connection with the products and services specified in the registrations. *See* 15 U.S.C. §§ 1057, 1115(b).

42.     Luckenbach's registered marks are inherently distinctive or have achieved secondary meaning, and they have become incontestable. Plaintiff has been using the Luckenbach marks in commerce as an identifier of source of Luckenbach's products and services since long before Defendants started using Luckenbach Road Whiskey or Luckenbach Road Whiskey Distillery. The primary element of Defendants' mark ("Luckenbach") is not just similar, but identical to, Luckenbach's mark, the use of which is likely to deceive, cause confusion, or cause mistake among consumers as to the source or origin of the parties' respective goods or services, which are sufficiently related that consumers are likely to believe they come from the same source, or are sponsored by or affiliated with the same source. Luckenbach has not authorized or consented to Defendants' use, and Luckenbach has no control over the nature or quality of goods and services Defendants offer, so the confusion Defendants create causes Luckenbach irreparable harm. The venue Defendants are developing is in close proximity to the real Luckenbach's entertainment venue.

43.     Defendant Skloss is the individual who conceived of, is promoting, and is currently attempting to launch this whiskey enterprise that infringes on the trademarked Luckenbach name,

and Skloss has established a corporate structure including Stemma, Skloss's Distillery, LWLLC, LRW Ventures, Frontier, and Pura Vida to execute the unlawful infringing business. Upon information and belief, all Defendants are working closely together and are involved in and assisting in infringing Plaintiff's mark.

44.    Consequently, all Defendants should be enjoined from further acts of infringement, ordered to deliver up for destruction all articles that are in violation of Plaintiff Luckenbach's rights, and held liable for disgorging their profits, Luckenbach's damages, statutory damages, the costs of this action, attorneys' fees and (since Defendants' acts are in bad faith, deliberate, willful and done with malice or gross negligence) exemplary damages.

### C.  Unfair Competition

45.    Defendants' willful, misleading use of Luckenbach's name, marks and lifestyle brand in commerce in connection with Defendants' whiskey, distillery, and entertainment venue is likely to cause (or further cause) confusion or mistake and is likely to deceive the public as to the affiliation, connection, or association of Defendants with Plaintiff Luckenbach, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by the real Luckenbach, in violation of 15 U.S.C. § 1125(a).

46.    Defendants' use, marketing, and advertising of Luckenbach's mark have cultivated the appearance that Luckenbach Road Whiskey and the Luckenbach Road Whiskey Distillery entertainment venue are affiliated with Luckenbach, which is a false association, is misleading, and is a false designation of origin. Defendants' misconduct constitutes unfair competition, including palming off and misappropriation, that is causing confusion to consumers. It is calculated to deceive and cause the public to trade with Defendants when it intended to and would otherwise have traded with the real Luckenbach.

47.     Defendants' conduct is causing Luckenbach irreparable damage to its goodwill, reputation, revenue, business relationships and business. Defendants are being unjustly enriched by obtaining profits through their unfair competition and by retaining benefits that rightfully belong to Luckenbach.

48.     Defendant Skloss is the individual who conceived of, is promoting, and is currently attempting to launch his infringing whiskey enterprise that uses Luckenbach's mark, and he has established a corporate structure including Stemma, Skloss's Distillery, LWLLC, LRW Ventures, Frontier, and Pura Vida to execute this unfair competition. Upon information and belief, all Defendants are working closely together and are involved in and assisting in unlawfully using Plaintiff's mark.

49.     All Defendants should therefore be enjoined from further acts in violation of the statute, ordered to deliver up for destruction all articles that are in violation of Plaintiff Luckenbach's rights, and held liable for disgorging their profits, Luckenbach's damages, the costs of this action, attorneys' fees (as this is an exceptional case) and exemplary damages.

### D. Cyberpiracy

50.     Defendants' acts constitute cyberpiracy in violation of 15 U.S.C. § 1125(d). Defendants have registered, trafficked in, and/or used one or more Unauthorized Domain Names that (i) are identical or confusingly similar to the Plaintiff's Luckenbach mark, which was distinctive at the time of Defendants' registration of the Unauthorized Domain Names; and/or (ii) are identical or confusingly similar to or dilutive of the Plaintiff's Luckenbach mark, which was famous at the time of Defendants' registration of the Unauthorized Domain Names.

51.     Defendants have a bad faith intent to profit from Plaintiff Luckenbach's marks. Defendants, despite possessing no intellectual-property rights in the marks, no prior use of the

mark, and despite not ever having been identified or known by the name "Luckenbach," registered the Unauthorized Domain Names containing the Luckenbach mark. They seek to commercially use the mark, despite Luckenbach's known rights in the mark that long preceded Defendants' 2018 decision to use the mark in their domain name to launch a new business. Defendants intend to divert consumers from the Plaintiff's online location to a site accessible under one or more of the Unauthorized Domain Names that could harm the goodwill represented by the Plaintiff's Luckenbach mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Unauthorized Web Sites. Additionally, Defendants knew at the time they registered the Unauthorized Domain Names that the domains were identical or confusingly similar to the Plaintiff Luckenbach's marks, which were distinctive at the time of the Defendants' registration of those domain names, or dilutive of Plaintiff's famous Luckenbach marks, which were famous at the time of the Defendants' registration of those domain names. Indeed, upon information and belief, despite registering four Unauthorized Domain Names containing Luckenbach's marks, they are sitting on three of those domains without using them, including having squatted on the domain luckenbachwhiskey.com for five years without putting it to use. They have registered two of the names by proxy, without maintaining public contact information for the registrant. Defendants' use of the name is likely to impact Luckenbach's business by diverting consumer traffic, preventing internet users from reaching Luckenbach's own website. The Plaintiff's mark Luckenbach, which Defendants incorporated in the Unauthorized Domain Name registrations, is distinctive and famous within the meaning of 15 U.S.C. § 1125(c).

52.     Defendant Skloss is the individual who conceived of, is promoting, and is currently attempting to launch his infringing whiskey enterprise under the Unauthorized Domain Names,

and he has established a corporate structure including Stemma, Skloss's Distillery, LWLLC, LRW Ventures, Frontier, and Pura Vida to execute this unfair competition using the Luckenbach mark. Pura Vida, through Skloss, registered some or all of the Unauthorized Domain Names, and upon information and belief all Defendants have worked closely together to traffic in and use the Unauthorized Domain Names.

53.     Consequently, all Defendants should be enjoined from further acts of cyberpiracy with respect to the Luckenbach's marks, and the Court should order the forfeiture or cancellation of the Unauthorized Domain Names or the transfer of the Unauthorized Domain Names to the real Luckenbach.

### E.  Common Law Trademark Infringement

54.     Defendants have willfully infringed Luckenbach's common law rights in the Luckenbach name and marks. Luckenbach's marks are inherently distinctive or have achieved secondary meaning, and Plaintiff has been using the Luckenbach name and marks in Texas since long before Defendants started using "Luckenbach Road Whiskey" or "Luckenbach Road Whiskey Distillery." Defendants' distillery and entertainment venue is in close proximity to Plaintiff's entertainment venue, and Defendants were well aware of Luckenbach's prior rights in the Luckenbach marks when Defendants adopted and began using the Luckenbach name and mark for their whiskey, distillery, and entertainment venue. Defendants' use of Luckenbach Whiskey, Luckenbach Road Whiskey, and Luckenbach Road Whiskey Distillery is likely to deceive, cause confusion, or cause mistake among consumers as to the source or origin of the parties' respective goods or services, which are sufficiently related that consumers are likely to believe they come from the same source, or are sponsored by or affiliated with the same source. Luckenbach has not authorized or consented to Defendants' use of Luckenbach Whiskey, Luckenbach Road Whiskey,

or Luckenbach Road Whiskey Distillery, and Luckenbach has no control over the nature or quality of goods and services Defendants offer, so the confusion Defendants create causes Luckenbach irreparable harm.

55.     Upon information and belief, all Defendants are working closely together, participating in Skloss's whiskey and entertainment enterprise and unlawfully adopting, using, and infringing Plaintiff's mark.

56.     Consequently, all Defendants should be enjoined from further acts of infringement, ordered to deliver up for destruction all articles that are in violation of Plaintiff Luckenbach's rights, and held liable for disgorging their profits, Luckenbach's damages, the costs of this action, attorneys' fees and (since Defendants' acts are in bad faith, deliberate, willful and done with malice or gross negligence) exemplary damages.

## VIII.   REQUEST FOR INJUNCTIVE RELIEF

57.     Luckenbach has shown substantial likelihood of success on the merits of its claims. Both TEX. BUS. & COM. CODE § 16.103 and the Lanham Act expressly permit this Court to enter preliminary injunctive relief to enjoin the Defendants' actual and threatened dilution or infringement or cyberpiracy of Luckenbach's name and marks. TEX. BUS. & COM. CODE § 16.103; 15 U.S.C. § 1116(a), 1125(c), 1125(d).

58.     There is a substantial threat that, if Defendants are not restrained and enjoined from diluting and infringing upon Luckenbach's marks and from their unfair competition and cyberpiracy, Luckenbach will suffer imminent and irreparable injury. The full extent of damages that Defendants have and will cause Luckenbach cannot be fully measured or compensated in money damages.

59.     The harm to Luckenbach if Defendants are not enjoined greatly outweighs any harm to Defendants by imposition of an injunction. An injunction will promote equity and justice and is not adverse to the public interest.

60.     Luckenbach can demonstrate a probable right of recovery with respect to its claims.

61.     Luckenbach is willing to post a bond.

62.     Luckenbach respectfully requests that this Court enter a preliminary injunction that:

    a.  enjoins Defendants, their officers, agents, servants, consultants, contractors, employees, attorneys, and any person acting in concert or participation with them, from using the marks or names Luckenbach Whiskey, Luckenbach Road Whiskey, Luckenbach Road Whiskey Distillery, or any other mark or name that includes Luckenbach or any variation thereof or that is otherwise likely to cause confusion, mistake, deception, or dilution with respect to Plaintiff's marks or name in any manner, whether by the use of the Unauthorized Domain Names, the Unauthorized Web Sites, or otherwise; and

    b.  orders Defendants to remove from commerce any advertisement, promotion, offer for sale, or other article displaying the marks or names Luckenbach Whiskey, Luckenbach Road Whiskey, Luckenbach Road Whiskey Distillery, or any other mark or name that includes Luckenbach or any variation thereof or that is otherwise likely to cause confusion, mistake, deception, or dilution with respect to Plaintiff's marks or name in any manner, including but not limited to Defendants' websites, social media, and accounts with third parties.

63.     Upon final trial, this Court should enter an order permanently enjoining Defendants from the same behavior, ordering Defendants to deliver up for destruction all articles that are in violation

of Plaintiff's rights, and ordering the forfeiture or cancellation of the Unauthorized Domain Names or the transfer of the Unauthorized Domain Names to the Plaintiff.

## IX.    JURY TRIAL

64.    Luckenbach demands a trial by jury on all issues triable to a jury.

## PRAYER

Luckenbach respectfully requests preliminary and permanent injunctive relief—including but not limited to an injunction ordering all Defendants to cease any and all use of Luckenbach Whiskey, Luckenbach Road Whiskey, Luckenbach Road Whiskey Distillery, or any other mark or name that includes Luckenbach or any variation thereof or that is otherwise likely to cause confusion, mistake, deception, or dilution with respect to Plaintiff's marks or name. Luckenbach also seeks disgorgement of Defendants' profits as well as compensatory damages, statutory damages, the costs of this action, attorneys' fees and exemplary damages, and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Karen C. Burgess
State Bar No. 00796276
Email: kburgess@burgesslawpc.com
Stacy Rogers Sharp
State Bar No. 240152109
Email: ssharp@burgesslawpc.com
Katie Dolan-Galaviz
State Bar No. 24069620
Email: kgalaviz@burgesslawpc.com
**BURGESS LAW PC**
515 Congress Avenue, Suite 1900
Austin, Texas 78701-3526
Telephone: (512) 482-8808
Facsimile: (512) 900-6325

Dated: October 28, 2021          By:  */s/ Karen C. Burgess*
                                      Karen C. Burgess

**ATTORNEYS FOR PLAINTIFF
LUCKENBACH TEXAS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure, on this 28th day of October, 2021, as follows:

Nick Guinn
State Bar No. 24087642
Email: nick@gunn-lee.com
GUNN, LEE & CAVE, P.C.
8023 Vantage Drive, Suite 1500
San Antonio, Texas 78230-4778
Telephone: (210) 886-9500
Facsimile: (210) 886-9883

Thomas L. Warden
State Bar No. 24004174
Email: twarden@conleyrose.com
Conley Rose, P.C.
777 North Eldridge Parkway, Suite 600
Houston, Texas 77079-4425
Telephone: (713) 238-8000
Facsimile: (713) 238-8008

Clay R. LaPoint
California State Bar No. 304522
Email: clapoint@pirkeybarber.com
Pirkey Barber
1801 East 6th Street, Suite 300
Austin, Texas 78702
Telephone: (512) 322-5200
Facsimile: (512) 322-5201

                              */s/ Karen C. Burgess*
                              Karen C. Burgess