UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUCKENBACH TEXAS, INC., § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | No. 1:21-CV-00871-RP | |
| § | | |
| STEWART SKLOSS, STEMMA § | | |
| HOLDINGS, L.P., LUCKENBACH § | | |
| ROAD WHISKEY DISTILLERY, § | | |
| LLC, LUCKENBACH WHISKEY, § | | |
| LLC, LRW VENTURES, LLC, § | | |
| FRONTIER SPIRITS, LLC, PURA § | | |
| VIDA SPIRITS COMPANY, LLC, § | | |
| PEDERNALES DEVELOPMENT § | | |
| PARTNERS, LLC, § | | |
| *Defendants* § | | |

**ORDER**

Before the Court is Luckenbach Texas, Inc.'s (LTI) Motion to Compel, Dkt. 100. The District Court referred the motion to the undersigned for disposition. The Court set the motion for hearing, Dkt. 107, and the Court held the hearing on February 24, 2023. After considering the parties' filings, their arguments at the hearing, and the applicable law, the Court announced its rulings on the various matters set out in the motion on the record. Ultimately, the Court granted the motion in part, denied it in part, and took under advisement one matter, as set out below.

LTI correctly complains about the boilerplate nature of Defendants' responses. Federal Rule of Civil Procedure 34(b)(2)(B) requires an objecting party to "state with specificity the grounds for objecting to the request, including the reasons" for the objection. Fed. R. Civ. P. 34(b)(2)(B). "General, boilerplate, and unsupported

1

objections to discovery requests that fail to state their grounds with specificity are improper and result in waiver of those objections." *Cinco Bayous, LLC v. Samson Expl., LLC*, No. 1:19-CV-452, 2020 WL 4926430, at *3 (E.D. Tex. Aug. 21, 2020). Good policy underlies this well-recognized and oft-repeated rule. A substantive objection provides the party responding to that objection an opportunity to address the objecting party's concerns informally, without motion practice and/or court intervention. Defendants admit in their response that they opted for the latter course, in direct contravention of the Rules. *See* Dkt. 106, at 12 ("Defendants articulate the reasons why the requests are overly broad, irrelevant, or harassing in this Response brief."). A boilerplate objection is no objection at all, and the Court could grant LTI's motion on that basis alone. Nonetheless, the Court has considered the merits of Defendants' objections and rules as follows:

The Court **GRANTS** the motion with respect to the requests for production of documents related to the Pedernales Development Partners (RFPs 22-29, 31-32, 35-42) and **OVERRULES** Defendants' objections to these requests.

The Court **GRANTS** the motion with respect to the RFPs related to potential tenants at the planned Luckenbach Road development (RFPs 43-50, 52) and **OVERRULES** Defendants' objections to these requests.

The Court **GRANTS IN PART** and **DENIES IN PART** LTI's motion to compel production of certain financial documents. In particular, the Court **GRANTS** the motion to compel responses to RFPs 81-82 and 86-89 in their entirety and **OVERRULES** Defendants' objections to those requests. The Court **GRANTS IN**

2

**PART** and **DENIES IN PART** LTI's motion to compel responses to RFP 83. In particular, the Court **GRANTS** the motion with respect to Defendants' "general ledgers, profit and loss statements, balance sheets," and tax returns, and **OVERRULES** Defendants' objections to these items. The Court **DENIES** LTI's motion with respect to its request for Defendants' bank records (as requested in RFP 83) and **DENIES** LTI's motion to compel responses to RFPs 90-93 and **SUSTAINS** Defendants' objections to these requests.

As for LTI's requests for Defendants' communications with the Texas Alcoholic Beverage Commission, RFPs 33 and 34, the Court takes this portion of the motion under advisement and will rule on it with a separate order.

To the extent Defendants opt to utilize a search protocol to conduct its search for responsive, non-privileged documents it has been ordered to produce, the Court **ORDERS** Defendants' counsel to share that search protocol with counsel for LTI and for the parties to confer regarding the appropriate protocol. If the parties cannot agree on the appropriate search terms or protocol, the Court **ORDERS** the parties to set out any disagreements by Friday, March 3, 2023, in the manner the Court described at the hearing (i.e., in a joint statement emailed to the Court's courtroom deputy).

The Court **FURTHER ORDERS** Defendants to produce all responsive, non-privileged documents by Monday, March 20, 2023. Defendants must also produce by this same date a supplemental privilege log detailing any documents Defendants have withheld pursuant to the attorney-client privilege and/or work-product doctrine.

SIGNED February 24, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE