UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LUCKENBACH TEXAS, INC., § | |
| *Plaintiff* § | |
| § | |
| v. § | No.  1:21-CV-00871-RP |
| § | |
| STEWART SKLOSS, STEMMA § | |
| HOLDINGS, L.P., LUCKENBACH § | |
| ROAD WHISKEY DISTILLERY, § | |
| LLC, LUCKENBACH WHISKEY, § | |
| LLC, LRW VENTURES, LLC, § | |
| FRONTIER SPIRITS, LLC, PURA § | |
| VIDA SPIRITS COMPANY, LLC, § | |
| PEDERNALES DEVELOPMENT § | |
| PARTNERS, LLC, § | |
| *Defendants* § | |

**ORDER**

Before the Court is Luckenbach Texas, Inc.'s (LTI) Motion to Compel, Dkt. 100. The Court held a hearing on LTI's motion and ruled on all matters raised except for the discoverability of documents responsive to requests for production 33 and 34, Defendants' communications with the Texas Alcoholic Beverage Commission (TABC), which the Court took under advisement. *See* Dkt. 121. Having considered the parties' arguments at the hearing, along with their filings and the applicable law, the Court now enters the following order granting in part and denying in part LTI's motion to compel responses to RFPs 33 and 34.

## I. BACKGROUND

LTI's motion states that the TABC documents relate to complaints Defendants and their attorneys have made to the TABC alleging that LTI's "use of its marks for

1

whiskey is illegal" and that LTI's "relationships with several wineries" are likewise illegal. Dkt. 100, at 8. Defendants characterize the withheld TABC documents as documents that were "prepared by Defendants' attorneys during this lawsuit and with an eye towards litigation (*i.e.*, they concern Defendants' unlawful use defense), and reveal Defendants' attorneys' evaluations and strategy about this case." Dkt. 106, at 5. Defendants originally identified one withheld email and its attachments at lines 458-64 of its privilege log. Dkt. 100-6, at 23. There, Defendants describe the withheld email exchange (dated July 19, 2022) as "Discussions re LTI's unlawful use," line 463, and its attachments with the notation "TABC Complaint," lines 458-62, 464. *Id.* The log identifies the sender as Defendants' counsel in this case, Nick Guinn; the recipient as complaints@tabc.texas.gov"; and John Sedberry and Matthew Cherry of TABC as being copied on the message(s). *Id.* The log designates each of these documents as withheld pursuant to the attorney-client privilege, common-interest doctrine, and work-product doctrine. *Id.*

Following the hearing, Defendants provided an updated privilege log identifying several additional communications with the TABC at lines 1173-1229 of its supplemented log. All but the last two of these documents are emails and attachments sent by Guinn to recipients at the TABC and are similarly described as involving complaints filed with the Commission. The attachments are primarily described as complaint forms or evidence provided in support of complaints. These communications were sent in October and December 2021; and in January, February, March, May, June, and July 2022. The final two communications consist of an email

and attachment sent by Defendant Stewart Skloss in January 2023 to a TABC Commissioner, cc'ing Guinn and attorney Pete Kennedy (counsel for the defendant in the related *Luckenbach Tex., Inc. v. Engel* case) and an email sent in September 2022 from Thomas Graham at the TABC to Taylor Whiteley of Defendant Frontier Spirits, cc'ing Skloss. Defendants log all of these communications as protected under the work-product doctrine and the common-interest doctrine.

Defendants produced these communications to the undersigned for *in camera* inspection for the purpose of resolving the privilege dispute, and the Court has undertaken that review.

## II.    DISCUSSION

In its motion, LTI argues that even if the communications could be considered protected work product, Defendants' disclosure of this information to a third party, the TABC, forfeited those protections. Dkt. 100, at 8-9. LTI also contends (for the first time in its reply brief) that work-product protection should not be extended to these communications because Defendants put them "at issue" in the case. Dkt. 110, at 5. As for the waiver-by-disclosure argument, Defendants respond that "[d]isclosure of information to a government agency does not constitute waiver of work-product protection if: (1) the government agency was not in an adversarial role with the disclosing party; and (2) the disclosure to the government agency does not substantially increase the likelihood that a third-party adversary would come into possession of the information." Dkt. 106, at 5. Defendants argue that they share with the TABC a common, adversarial interest with respect to LTI, and any disclosure

3

made to the TABC did not increase the likelihood of its disclosure to LTI. As for whether Defendants placed the communications "at issue," Defendants respond that the 2017 email referenced in their response to LTI's application for a preliminary injunction was not sufficiently related to the materials withheld here and thus did not effectuate a waiver.

### A.     Waiver By Disclosure

The work-product doctrine,[1] codified in Federal Rule of Civil Procedure 26(b)(3), protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The party seeking disclosure may obtain this material, though, if it is "otherwise discoverable" and "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* The Rules also caution, however, that courts "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation," also referred to as opinion or "core" work product. Fed. R. Civ. P. 26(b)(3)(B); *US Equal Emp. Opportunity Comm'n v. Nabors Indus., Ltd.*, No. 5-16-CV-00758-FB-RBF, 2018 WL 11195496, at *4 (W.D. Tex. Aug. 21, 2018).

Unlike attorney-client-privileged communications, however, "mere voluntary disclosure to a third person is insufficient in itself to waive the work product

---

[1] Though the log entries for the documents at lines 458-64 reference the attorney-client privilege, Defendants solely focus on the work-product doctrine in their responsive briefing and argument. The Court, therefore, will do the same here.

4

privilege." *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989). Courts will not find waiver unless the material is "given to adversaries or is treated in a manner that substantially increases the likelihood that an adversary will come into possession of the material." *TravelPass Grp., LLC v. Caesars Ent. Corp.*, No. 5:18-CV-153-RWS-CMC, 2021 WL 4027374, at *4 (E.D. Tex. Feb. 9, 2021) (internal quotation marks omitted).

LTI's waiver-by-disclosure argument focuses on the latter exception, arguing that Defendants' communications with the TABC "'substantially increased the opportunities for potential adversaries to obtain the information.'" Dkt. 110, at 5 (quoting *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010)). In support of this, LTI points to a TABC regulation providing that "'[i]nformation about a specific complaint against an individual or entity holding a license, permit or certificate issued by the Commission may be obtained by filing a request under the Texas Public Information Act (TPIA).'" *See id.*, at 6 (quoting 16 Tex. Admin. Code § 31.11(f)). That same regulation, however, as Defendants point out, states in the very next sentence that "[s]ome information in a complaint or investigation of a complaint may not be subject to disclosure under the TPIA." 16 Tex. Admin. Code § 31.11(f); *see* Dkt. 117, at 4.

"The burden of proving waiver of the work product privilege falls on the party asserting waiver." *TravelPass*, 2021 WL 4027374, at *4. The undersigned concludes that LTI's mere reference to the possibility that the withheld materials may be subject to disclosure under the TPIA, without more, is not enough to carry its burden

5

to demonstrate that the referenced regulation "*substantially* increases the likelihood that an adversary will come into possession of the material." *Id.* (emphasis added). Having conducted an *in camera* review of the communications between Defendants' counsel and the TABC, the Court concludes that Defendants properly withheld these materials as opinion work product and that Defendants did not forfeit this protection by sharing them with the Commission.

At the hearing on LTI's motion, LTI pointed out that at least some of the withheld communications were made directly between Skloss and the Commission and that those communications should not be protected as work product. The supplemental privilege log indicates that the materials at lines 1227-29 potentially fall within this category of direct communications sent by Skloss or Whiteley of Defendant Frontier Spirits to individuals at the TABC. The undersigned concludes that these communications do fall within the plain language of the work-product rule—they are "documents … prepared in anticipation of litigation … by or for another party." Fed. R. Civ. P. 26(b)(3)(A). Because they were prepared by parties themselves and not their attorneys, they do not—at least on the face of the log entry—qualify as opinion work product. The question, then, is whether LTI has carried its burden to show a "substantial need for the materials to prepare its case and [that it] cannot, without undue hardship, obtain their substantial equivalent by other mean." Fed. R. Civ. P. 26(b)(3)(A)(ii). The undersigned concludes it has.

But, while not apparent from the log entry, the Court's *in camera* inspection reveals that a portion of these documents *does* contain opinion work product from

Defendants' attorney that is shielded from production by Rule 26(b)(3)(B). In particular, line 1227 logs a January 22, 2023, email sent by Skloss to a TABC commissioner, cc'ing attorneys Guinn and Kennedy. Line 1228 logs the attachment to that email. The Court's *in camera* review reveals that a portion of the body of the withheld email (1227) includes a copy-and-pasted memorandum prepared by Guinn for Skloss, and that the attachment (1228) is a separate copy of the same memo. The Court concludes that the memo is opinion work product and was properly withheld, but that the text of the email Skloss sent to the commissioner is not and should be produced. Defendants can withhold the attachment logged at 1228 and can redact the memo portion of the email, which starts at the bottom of the first page of the email logged at line 1227 and continues through the end of the 3-page document. The Court concludes that the email exchange logged at line 1229 does not contain opinion work product and thus must be produced.

### B.   Placing the Documents "At Issue"

LTI also contends that Defendants placed its communications with the TABC "at issue," thereby effectuating a waiver of work-product protection for all communications with the Commission. Dkt. 110, at 5. LTI points to Defendants' reference in its response to LTI's preliminary-injunction application to the contents of an October 20, 2017, email sent to Defendants by the TABC's general counsel. Dkt. 110, at 5 n.2; *see* Dkt. 50-1, at 97-98 (Skloss declaration quoting the statement from the email). LTI offers no authority for its contention that Defendants' reliance on this 2017 email acted to waive all work-product protection for all communications with

7

the TABC. Defendants point out that the communication cited by LTI involved a separate transaction unrelated to the communications at issue here and that "'[s]ubject-matter waiver is generally limited to instances where the quality and substance of an attorney's work product have been directly placed at issue in the litigation by the party asserting the privilege.'" Dkt. 117, at 3 (quoting *Doe v. Baylor Univ.*, 320 F.R.D. 430, 442 (W.D. Tex. 2017)). The Court agrees with Defendants that their reference to this 2017 communication with the TABC did not waive work-product protection for the communications that are the subject of this dispute.

### III. ORDER

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** LTI's motion, Dkt. 100, with respect to the TABC documents responsive to RFPs 33 and 34. The Court **ORDERS** Defendants to produce the email exchanges logged at lines 1227 and 1229 of the supplemented privilege log (and that Defendants may redact the copy-and-pasted memo from the 1227 email, as discussed above). Defendants must produce these documents no later than Monday, March 20, 2023.

SIGNED March 6, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE